IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUKE E. CANNON,

      Plaintiff,                    No. CIV S-03-1769 LKK PAN P

    vs.

DAN CHARTIER, et al.,

      Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        In accordance with the scheduling order filed June 28, 2005, the parties were required to complete discovery by October 21, 2005. On August 24, 2005, plaintiff filed a motion for a ninety-day continuance of discovery, seeking "necessary documents in order to go forward with these proceedings." Plaintiff's motion was stricken because plaintiff did not file proof that he had served the motion on defendants. On October 31, 2005, plaintiff filed a motion for reconsideration of the court's order striking his motion to extend discovery, explaining that he was unaware of the court's instruction to file proof of service within ten days as this notice came to him almost six weeks past the time allowed by the court order. By order filed November 3, 2005, plaintiff was granted a period of ten additional days in which to file proof of service of the

August 24, 2005 motion on defendants. The November 3, 2005 order provided that if plaintiff did so, his August 24, 2005 motion would be reinstated. On November 17, 2005, plaintiff filed a motion to extend discovery with proof of service on defendants at the court's address rather than at defense counsel's address. By order filed November 29, 2005, the court provided plaintiff with defendants' address for service and instructed him that he had until December 10, 2005, to establish that he had served his motion to extend discovery on defendants.

On January 19, 2006, plaintiff filed a document styled "Declaration of Motion to Extend Discoveries." The declaration, signed under penalty of perjury, avers that on December 3, 2005, plaintiff served his motion to extend discovery on defendants and that on December 23, 2005, plaintiff served defendants with a request for production of documents.[1] Plaintiff's declaration was not, however, filed within the ten-day period set by the court's November 29, 2005 order.

On March 13, 2006, plaintiff filed a motion to compel responses to the request for production of documents allegedly served on defendants on December 23, 2005. On March 27, 2006, defendants filed an opposition to plaintiff's motion to compel. Defendants contend, inter alia, that they were not served with the request for production of documents at issue. On April 13, 2006, plaintiff filed a reply brief to which he appended the request for production of documents at issue which, in the reply brief, he represents that he served on defendants on December 27, 2005. The court has reviewed the request for production of documents appended to plaintiff's April 13, 2006 reply brief. The requests contained therein are overbroad and not reasonably limited to matters that might lead to the discovery of evidence relevant to the claims at bar. Cf. Fed. R. Civ. P. 26.

---

[1] In the declaration, plaintiff also averred that he did not have sufficient evidence to oppose defendants' motion for summary judgment. See Fed. R. Civ. P. 56(f). He did, however, file a brief and evidence in opposition to the motion, and the court has separately issued findings and recommendations recommending that the motion for summary judgment be granted in part and denied in part.

1   This court finds that plaintiff did not timely comply with the court's November
2  29, 2005, order to file by December 10, 2005, proof that he had served defendants with his
3  request to extend the discovery cutoff.  For that reason, the court will not reinstate plaintiff's
4  August 24, 2005 request to extend the discovery cutoff.
5   The discovery request at issue in plaintiff's motion to compel was not timely
6  served and, in any event, is not reasonably designed to lead to the discovery of admissible
7  evidence.  For these reasons, plaintiff's motion to compel will be denied.
8   In accordance with the foregoing, IT IS HEREBY ORDERED that plaintiff's
9  March 13, 2006 motion to compel is denied.
10  DATED: September 6, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

14
cann1769.mtc